## SAMUEL KESTER *v.* W. C. WHITAKER.

**Limitations—Pleading.**

> In order for a plea of limitations to be good the pleader must aver facts showing that the cause of action sued upon accrued more than the statutory period before the commencement of the action.

### APPEAL FROM SHELBY CIRCUIT COURT.

October 7, 1875.

OPINION BY JUDGE COFER:

Where there is no danger of loss to a party having a demand against another who has recovered judgment against him and is insolvent, the chancellor will take jurisdiction to decree a set-off; but as insolvency is the foundation of equitable jurisdiction in such cases, it must be proved like any other material fact.

The appellant had a judgment at law against the appellee, and the only jurisdiction a court of equity had to molest him in the use of legal process for its enforcement, arose out of the appellant's alleged insolvency; and as this was denied and not proved, no set-off should have been adjudged; but as the appellee sought judgment against the appellant for the debt claimed, judgment should have been rendered, if a case was made out showing that he was entitled to recover.

These defenses were attempted to so much of the action as sought a personal judgment, viz.: 1. A denial of the items of the account; 2. Limitations; 3. Former adjudication. As to the first, we think the evidence warranted the court in finding, as a fact, that a portion of the alleged indebtedness had once existed. With the reference to the second the statute of limitation was not availably pleaded. The language is, "that the firm of Brown & Whitaker was dissolved in the year 1860 or in 1861, and any claim they have or may have had against this defendant is barred by the statute of limitation;" and he pleads and relies upon said statute as a bar to the claim set up in plaintiff's petition. In order to make a good plea of the statute of limitations, as in every other character of defense, the facts necessary to constitute it must be alleged. It should always be alleged that the cause of action, to which the plea is intended to be an answer, accrued more than the statutory period before the commencement of the action, and the period relied upon should be stated. This was not done in form or in substance. It may be true that the firm was dissolved more than five years before the institu-

tion of the action; but it does not follow that the cause of action accrued then or previously. The services may have been in part rendered after the dissolution, or the debt may not then have been due. Upon the most liberal construction the plea is bad.

In answer to the third, the record of the former action of *Kester v. Whitaker* is not made a part of this record, and we cannot say that the matters sued for in this case were adjudicated in that action. But as that record is here, we have looked into it, and find that the only item set up in the answer in that case was for services in collecting the money there sued for, and that item was rejected by the court in this case.

We think the court should have rendered judgment for appellee for $135, with interest from the date at which it was applied as a credit on the judgment, but erred in adjudging a set-off.

The judgment is *reversed*, and the cause remanded with directions to render a personal judgment against appellant as indicated, and to dissolve the injunction in toto.

*J. C. Beckham, for appellant.    J. C. Walker, for appellee.*